LUTHER SEVERANCE & al. *versus* SETH WHITTIER.

Contracts to pay for real estate, and pews in meetinghouses by statute are to be deemed such, are not voidable, unless there shall appear to have been a total failure of consideration; whether the conveyance of the same be by general warranty, or otherwise. If any thing passed by the conveyance, a note given for the consideration is recoverable; and if there be a partial failure of consideration, the grantee is remitted to his covenants, if any there be, for his remedy.

ASSUMPSIT on a note of hand for $81, dated Jan. 1, 1838, payable to A. W. Hasey, Treasurer of the Bangor Methodist Chapel Corporation, or bearer, in one year from date, with interest, given by the defendant in part payment for a pew in that house. The note remained in the hands of Hasey until it was overdue.

The facts are sufficiently stated in the opinion of the Court.

*J. Baker*, for the plaintiffs, said that the defendant had the possession of the pew for three years under his deed, and no

one has power to obtain payment from him of rent therefor. At the time of the conveyance, too, the grantors had an equity of redemption, which passed to the defendant, and gave him the right of redeeming the mortgages.

Where there is a conveyance of real estate, the failure of consideration must be total, to make good a defence to a note given for the estate sold. And it is wholly immaterial, whether there are covenants of warranty in the deed, or no covenants whatever. In the latter case, it is understood by the parties, that some uncertain, or contingent right is conveyed, and that the risk of title is on the purchaser. *Lloyd* v. *Jewell,* 1 Maine R. 352; *Reed* v. *Cummings,* 2 Maine R. 82; *Howard* v. *Witham, ib.* 390; *Wentworth* v. *Goodwin,* 21 Maine R. 150; *Bayley on Bills,* 537; *Smith* v. *Sinclair,* 15 Mass. R. 171; *Perkins* v. *Bumford,* 3 N. H. R. 522; *Green* v. *Cook,* 2 Wheat. 13; 5 Cowen, 494; 3 Kent, 402; 14 East, 485; 1 M. & Y. 338; 20 Pick. 110.

*H. W. Paine,* for the defendant, said he merely appeared for one of his professional brethren in another county, without time for preparation; and would only cite, 7 Mass. R. 31; 5 Pick. 480; 14 Pick. 293; 3 Pick. 445; 8 Cowen, 31; 2 Wend. 431; 4 Wend. 483; Bayley on B. (P. & S. Ed.) 431, and note.

The opinion of the Court was by

WHITMAN C. J. — The note of hand declared upon, appears to have been given for a pew in a meetinghouse in Bangor. The defence is, that the consideration has failed. It appears that the land, on which the meetinghouse stood, had, previous to the conveyance of the pew to the defendant, been mortgaged to secure the payment of the consideration for the land on which the meetinghouse stood; and that a lien was set up to the house by the mechanics, who had erected it. These claims, after the defendant, under his deed of the pew, had used and occupied it for nearly three years, were enforced, so that the defendant was, thereupon, ousted from the possession of his pew, and has been wholly deprived of the use of it.

By the law, as recognised in this State, *Wentworth* v. *Good-win*, 21 Maine R. 150, contracts to pay for real estate, and pews in meetinghouses by statute are to be deemed such, are not voidable, unless there shall appear to have been a total failure of consideration; whether the conveyance of the same be by general warranty, or otherwise. If any thing passed by the conveyance a note given .for the consideration is recoverable; and if there be a partial failure of consideration the grantee is remitted to his covenants, if any there be, for his remedy. If he has not been careful to secure himself by covenants of warranty, it is to be presumed that he intended to take upon himself the risk at least of 'any partial failure of title.

In this case the claims, which existed against the property conveyed, were but incumbrances, which might be removed. The grantors were seized of a right in equity of redemption. This passed to their grantee, the defendant. We cannot know, if that were essential, that such a right might not be valuable; and, taking no covenants of warranty, it may be reasonable to conclude, that all the defendant contemplated purchasing was the right of redemption. Having purchased this, and having entered into possession under his deed, and enjoyed the use and occupation of the premises for a number of years, without having taken measures to exonerate the same from incumbrances, we may regard him as having received all that was intended in consideration for his note; and, as agreed, judgment must be entered for the plaintiff.